And the first thing we're going to do is we're going to take a break after the third case. It won't be a long one. Council were familiar with your cases. We've read your briefs, the authority cited in your briefs, and at least portions of the record. We don't have a lot of time this morning, so feel free to get straight to the heart of your argument. But be mindful of our traffic lights when the red light shines, please wrap it up. If you're answering a question from the court, of course, you can finish your answer and you won't lose any rebuttal time should you have any. We're going to begin this morning with United States v. Spilla, Mr. Saul. Good morning. May it please the court. I want to focus today on issue number one from my brief related to the sufficiency of the evidence related to whether or not Mr. Spilla had to have knowledge that the proceeds that were allegedly being laundered came from an activity that's a felony under federal, state, or foreign law. The plain meaning or the plain reading of the statute in this case, section 1956A1BI, which Mr. Spilla was convicted of, reads that Mr. Spilla or the defendant would have to have knowledge that the proceeds came from an unlawful activity. I thought that Judge Kearse's opinion for the Second Circuit was pretty persuasive that the plain reading is the opposite, that what the defendant has to have knowledge of is that it's proceeds of unlawful activity and the government has to prove that that unlawful activity is a felony, but not that the defendant has to know that that unlawful activity is classified as a felony. My reading from the Maher case in the Second Circuit is that they focus most of it on what unlawful activity in the statute has a different definition than what the knowledge of proceeds from some unlawful activity is. The court in the Second Circuit focused ... They went to the legislative ... Let's look at the statute. Whoever knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity. Now, that language does not suggest to me that the defendant would necessarily know that whatever ... Some form of unlawful activity would not suggest it has to know precisely what makes it unlawful or what the penalty would be. If you stop reading there, yes. I think that's what the plain reading would be of this statute, but Congress went out of its way to add a definition in subsection C1 to provide more details. That section provides that the defendant knew that the proceeds came from some form, not unlawful activity, that is a felony. From the cases that are cited in the brief, the Aldridge case, which the government relied on to say that in our briefs that we're trying to cut out the some form part, what really the Aldridge case says is that you need to read the entire statute. What the government wants this court to see is that they've cut out the word felony when the Congress went out of its way to say that the defendant had to know that the proceeds came from a felony. In your reading, suppose that a defendant knows that certain activities are illegal, but they never actually learned even the difference between a misdemeanor and a felony. Can they ever be convicted of this crime? I read the statute to be a very high burden for, I mean, our argument is that the statute is a very high burden for the government to prove. It would be very, especially, yes, I think it would be difficult for them to prove that. Is it impossible to prove? No. The government didn't even, there was no evidence at trial of what a felony even is. I don't know if they would have had to bring an expert in to do that or have somebody discuss that, but... How many people on the street do you think you could walk up to and say, what's the difference between a felony and a misdemeanor, and get an answer that even approaches the truth? I think that would be very difficult even for a lot of lawyers. I think that's part of the problem with the way the statute is, it is very difficult. I think that if you get to the point where somebody, if you get to the point where you're going to use circumstantial evidence to show that a defendant would have had knowledge of a felony, which, again, goes back to the point that there was no evidence of what a felony even is during the trial, I think there's some other cases that were cited in the briefs that would be, at least get you more closer to that point than the case that we're dealing with today with Mr. Spilla. In Mr. Spilla's case, he is, and it's not apparent from the evidence that he was cut off by any doing of himself, but he's cut off from any information up until he receives money in the mail. In a lot of the other cases that are cited in the briefs, the defendants that were doing the money laundering also were involved in the underlying transactions. For instance, in the... How would that show that they knew that the crime was a felony, rather than just they knew more about what was going on in the facts of the crime? Well, I don't think that would show that they knew that it was a felony. I think it gets just more to the point of that you might have information on where this money is coming from and the seriousness. I don't think that the definition of a felony is serious or seriousness. The definition of a felony, at least in most places, would be that you could receive a sentence of prison of more than a year. But I think it gets to the point that they would have more information on at least what the underlying proceeds are, and in this case, Mr. Spilla knows nothing about the underlying proceeds. I don't think that would meet your test, though. And I'll tell you, I see your reading as plausible. I do. I also see the reading that Chief Judge Pryor has talked about as plausible. And one thing that I sometimes consider when there are two readings of a statute is, would the statute operate at all under both of them? And it's hard for me to see how almost anyone could be convicted under your reading of the statute. And it's not an absurdity argument so much as a context argument in that if Congress would not have been able to think that almost anyone would be convicted, why would they have written it that way? Congress, when they... I don't think it precludes everybody from being convicted. Again, I think there are certain classes of people. It wouldn't... I know that you've already been convicted of that before, although I don't know how you get convicted of it in the first place if you just... All you have to do is have testimony that you have no idea what the difference between a felony and misdemeanor is, and then you're off scot-free. Well, in that case, you wouldn't have had to have been convicted of money laundering previously. Given what the unlawful activity is, so if it was money laundering from drug proceeds, if you've been previously convicted of a felony drug trafficking crime, you say that might be sufficient to allow the inference, right? Yes, Your Honor. Yeah, I'm looking, though, at this definition language that you're focused on, and it gives me a problematic reading. The defendant doesn't have to know which form of unlawful activity produced the money, but the statute says it just has to be the activity that constitutes a felony. I don't know how you can read this definitional language as if the defendant doesn't know which form of activity gave way to these proceeds, that that suggests they have to know that the unlawful activity is a felony. You don't even know which form of the activity. The way that I'm reading the statute when it talks about which form, or some form, not necessarily which form, would come up in a case, or for instance, in the Broughton case, which is cited in the briefs, not for this reason in the briefs, but in that case, the defendant was involved in, I believe, mail fraud, wire fraud, and insurance fraud, and then was involved in the money laundering of that money. And same within the Fraser case. The defendant in that case was involved in the smuggling of guns and the smuggling of drugs in and out of the United States from Canada. So when it talks about which form, or the form, it's our reading that you don't have to specifically know, okay, when I'm laundering this $5,000, okay, $2,000 came from the drugs and $3,000 came from the guns. You would know... Drugs versus guns. You would have to know that both are felonies. That's our reading, Your Honor. Okay. Or I think you would have to know that some of the money, whether it, because I don't think, we don't read it... Any circuits have it this way? No, Your Honor. But the... I mean, I have mayor from the Second Circuit reading it the opposite way, and no one from the Sixth Circuit reading it the opposite way. Are you aware of any other authority? No, Your Honor. Okay. Does the challenge to the prosecutor's rebuttal marks fail if the sufficiency challenge fails? Are those tied to one another? I think if the... If we lose on the sufficiency, then if you don't find that he had to know that it was from a felony, then there's no reason, yes, we would fail on the prosecutor's statements also. And just to speak about the Sixth Circuit, the Hill case, Your Honor. The Hill case, my reading of the Hill case is, again, that it goes through the elements of specified unlawful activity, which again is a different concept than knowledge of an unlawful activity. It looks at the legislative history of specified, or what Congress wanted for specified unlawful activity. And then at the end, without really, or from the Hill case of the Sixth Circuit, without doing any analysis, or any other analysis related to knowledge of an unlawful activity, just at the end says, and that must mean that you can't have the defense. It must have been a misdemeanor versus a felony. Okay, Mr. Saul. You've saved me three minutes, Mr. Kishore. Thank you, Your Honor, and may it please the Court. Samir Khashoggi for the United States. The district court should be affirmed on the first issue that was raised by the defense in their appeal brief, along with the other issues, but I'll focus on the first issue, just like the defense did. Yes, Your Honor. Your Honor, I think it is worth a moment to take a step back and examine where, what is actually required to be proven for purposes of proving a money laundering conspiracy. So we've talked, the defense talked about the four elements, or one of the four elements of concealment money laundering, but he did not talk at all about the two actual elements of money laundering conspiracy. And I bring those up because there isn't really a reason to even decide the issue that the defense has brought up and has focused on because when you look at the two elements of money laundering conspiracy, those elements have certainly been satisfied and there is no requirement that we conclusively prove one of the elements of the underlying substantive offense, those elements having only been provided in the jury instructions for the purpose of informing the jury of a sense of what is this crime of money laundering in order to determine whether there was, in fact, a money laundering conspiracy. So there's that context that first, I believe, blocks the defense's approach to the case. But even if we were to take their definitions and their... Their argument is a sufficiency challenge, and his argument is there's no evidence here that would allow a reasonable inference for a jury to find that the defendant knew that the unlawful activity was a crime. Yes, that's correct, Your Honor. We have to figure out whether his interpretation of the statute is correct to evaluate that sufficiency argument, do we not? I believe that there is a gap, evidentiary gap, that can exist between what is required to prove a money laundering conspiracy and what is required to prove a substantive money laundering offense. And what the defense is focused on is... The mens rea element for this money laundering conviction, we have to understand, do we not, all the elements and the evidence to figure out whether the sufficiency challenge fails or is sustained. Yes, Your Honor, the government doesn't dispute that. It's simply that the way that it's been framed is that it's as if it's an actual element of money laundering conspiracy, which it is not. That's the question, right? I mean, his argument is that knowledge that the unlawful activity is a felony is an element. And we have to decide whether that's right or not. As an element of one of the two elements that would be under money laundering conspiracy. That is a way to think about it, Your Honor. And if you were to take that approach, there was... I don't understand his argument. If there's something I'm misunderstanding about it, then help me. Their focus, Your Honor, on the four elements of substantive money laundering, that knowledge piece, there is a question as to how much knowledge is needed to be a participant in... Yes, Your Honor.  Correct, Your Honor. ...that he knew involved the proceeds of some form of unlawful activity. That's two, right? And then the third, the unlawful activity constituted a felony. Well, he says that there's also an administrative requirement attached to that third element. That he knew that the unlawful activity constituted a felony. And as I understand the government's argument is, no, all that the government has to prove beyond a reasonable doubt is that the unlawful activity in fact constituted a felony, right? Yes, Your Honor. And then the fourth element is that the financial transaction did in fact involve the proceeds of a specified unlawful activity, right? Yes, Your Honor. And what we're arguing about this morning is a sufficiency challenge about the third element and whether that element has a mens rea requirement or not, right? That is part of... That is the defense's argument, yes, that they're focused on an element of a crime that was not charged in the indictment because only money laundering conspiracy was charged. So, Your Honor, I was just noting that money laundering conspiracy has only two elements. The first is that two or more people agreed to try to accomplish a common and unlawful plan to violate the money laundering statute. And the second is that the defendant knew the plan, the plan's unlawful purpose, and voluntarily joined in it. And that's the piece, that knowledge piece, the government does not dispute that that knowledge piece must be informed by the knowledge piece that is in the underlying substantive offense. However, there is a gap there in the sense that knowledge for purposes of a conspiracy can often be shown where, you know, in many conspiracy cases, the instructions are of the kind where it's noted that the defendant doesn't need to know every aspect of the plan in order to be a conspirator, and they don't need to know everyone who's involved in order to be a conspirator. So I was just trying to frame the beginning of the argument and just the beginning point where we would start as this is a money laundering conspiracy case, not a substantive concealment money laundering charge. The conversation that we've had with the defendant's counsel is a conversation that would need to be had if he's in charge of the substantive crime. But we don't need to have that conversation since he's been charged with a conspiracy. No, Your Honor, I think that it is a conversation that can and should be had in this context because those four elements of the underlying offense inform the conspiracy. However, the idea that he's wrong about immense element being part of the third element, then his argument fails, does it not? Yes, Your Honor. Yes. And it is the – it's simply the case that there is another piece of a discussion that wasn't had in this briefing where there is – there's some space between what is required to satisfy the knowledge component of a conspiracy versus what is required to satisfy the knowledge component of a substantive money laundering offense. However, in this case, these instructions were provided. They gave the four elements to the jury. The jury heard the evidence and reviewed all that evidence, which means that regardless of what approach Your Honors take in terms of interpreting the statute, there was substantial knowledge evidence that justified the conclusion that the jury came to, especially under the deferential standard of review that was in place here. Was the jury instructed that wire fraud is a felony? There is not a sentence in here in the jury instructions that states wire fraud is a felony, Your Honor. So then how is the evidence – or could the jury have determined that he actually knew – that he knew that the proceeds came from an activity that constitutes a felony if the jury didn't know that wire fraud was a felony? The way the government proved that wire fraud – the way the government proved that the wire fraud was a felony is that it's an SUA and also the instructions talk about the sum form. So the SUA, by virtue of it being the specified unlawful activity, has to have been a felony. And the – a specified unlawful activity. So, in fact, the evidence presented at trial was that, in fact, the defendant was receiving funds from wire fraud. And that is required to be proven. That is an element of money laundering – substantive money laundering. Which is a felony.  And – How did the jury know that that was a felony? Because in order to be an SUA, it needs to also have satisfied C-1 of 1956, which talks about the language that we've been talking about, which says that it needs to be some form of activity that constitutes a felony. So C-1, which points – which sets the standard for what can – for what can be an SUA, in part by saying that every SUA needs to be a felony. That's how you get to the felony part of – That was disputed at trial, was it? That – whether the SUAs must be a felony? Whether the SUA was a felony. It was not disputed at trial, but the defense took the position in closing that the government needed to produce evidence that wire fraud was a felony. And that was the objection that the defense pointed to on their second issue in their briefing. And the court – That's a legal question, not an evidentiary question, isn't it? Yes, Your Honor, it is. And there's case law that talks about how juries should be instructed on domestic law. And it's not a matter of fact to be decided by a jury. And that issue was resolved below, and it's not here on appeal at this moment. That's not the subject of the appeal that the defense has raised at this point. The second issue that the defense raised was actually about the – was about the closing argument that pointed to circumstantial evidence to prove that this was a serious crime that was a felony. And during closing, and it's set forth on pages 3 through 14 of the government's brief, the government went through a variety of reasons why the defendant had to have known that it was a serious crime that was a felony. That's what we argued in closing. And during trial, we produced overwhelming evidence, including that the defendant had traveled from the United States – traveled to the United States from Latvia, and when he entered the country he lied to immigration officials that he was here for less than three months, but he opened three bank accounts in that timeframe, including two bank accounts that he opened just within a couple days, and that during that less than three months, he received more than $280,000 in cash through the mail, and that that mail was not addressed to him, but it was addressed to aliases, and that he would take that cash and he would deposit it, and that the cash was coming from individuals all over the country to whom the defendant had no connection, and the cash that the defendant received did not have any invoices, contracts, or other business-related documents in those envelopes, and that the defendant deposited 100 deposits at more than 24 bank branches during his time while he was in the United States in that less than 90 days, and that after depositing the cash, the defendant wired transfers to foreign bank accounts, and he did so based on fake invoices that he received in his email for things like flowers and generic services, and that the defendant received – he sent confirmations of his activities to an individual who he communicated with in Russian and who was using a fake name, and that also none of his bank accounts reflected any legitimate business activity. So this evidence shows clearly that the defendant knew he was doing something illegal, which would squarely satisfy the government's reading and the Hill reading and the mayor reading of what is required under the statute. But even if you were to – The distinction that you were trying to draw earlier between the conspiracy and the substantive offense, you're using the argument that one of the other co-conspirators knew that it was a felony, therefore we don't need to decide whether he did because he joined in the conspiracy. You're not arguing that that evidence actually was presented, are you? No. Taking all this evidence together, Your Honors, there's no – and especially in light of the deferential standard of review, there's no reason for the court to go back and look at this further because it doesn't – there's actually not even a reason to dive into the issue of what is required under that substantive concealment money laundering charge because even under their interpretation of the statute and the jury instructions that they did not object, for which there's no current appeal, so there's no challenge to the jury instructions, there's no issue that's been identified with the jury instructions, and the defendant was convicted by the jury. So under any approach, the government prevails in this case. And unless – Would you agree, then, that in light of the Sixth Circuit opinion and Hill and Mayer from the Second Circuit, that if you're right, that those decisions are a correct interpretation, it would be good for our circuit to settle our precedent and join them?  And unless Your Honors have any more questions, I will surrender the remainder of my time. Thank you. Thank you. Counsel, please. Thank you. To go back to what the government started with about the conspiracy, we agree there's obviously – or there are two elements to a conspiracy, but the first element is that two or more people entered an agreement to do money laundering, and the second is that this defendant, Mr. Spilla, voluntarily and knowingly joined into that conspiracy. It's our position that the only way to voluntarily and knowingly join into a money laundering conspiracy would be to also meet the factors of – the four factors of money laundering conspiracy, one of which we believe Mr. Spilla would have had to know that the money was coming from or did come from proceeds of a felony. As to the circumstantial evidence that the government went through related to saying that they proved their case under any position – To go back to Judge Kidd's question, couldn't you also show that one of the members of the conspiracy met that standard and then the other one just knew that they were joining in? I don't think that knowledge of another co-conspirator can be imputed to Mr. Spilla in this case. I'm not saying that happened here. What I'm saying is in a different case, if you met all four elements for one of the participants, would it take less for the other participants? I don't think so. I think that each participant still has to enter into a conspiracy. You would still have to meet the factors of the underlying crime of the conspiracy for each defendant. Because I don't know how a defendant could enter in without meeting those requirements. As to the circumstantial evidence that the government went through, I believe that circumstantial evidence is related to concealment. Everything that Mr. Spilla did in this case was related to concealment, not necessarily where the proceeds came from or knowledge of where the proceeds came from. He received money and then from there on out, the evidence shows that he concealed the money. He went to different banks throughout L.A., made sure to be below the $10,000 threshold and wired the money out, among other things. If the court has any other questions, I'm happy to answer. We're asking for the court to set aside the guilty verdict and enter a judgment of acquittal. I don't hear any questions. Mr. Saul, I want to thank you for accepting our appointment to handle this case and discharging your responsibility while in briefing and argument today. Thank you.